# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

|  |  |  |
|---|---|---|
| QUETEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-00471 (AJT-JFA) |
| | ) | |
| HISHAM ABBAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS HISHAM ABBAS, SHOROUK MANSOUR, AND FINALCOVER LLC'S OBECTIONS TO QUETEL CORPORATION'S PROPOSED JURY INSTRUCTIONS REMAINING IN DISPUTE

Hisham Abbas, Shorouk Mansour, and finalcover, LLC ("Defendants") by counsel, respectfully submits the following objections to Quetel Corporation's ("Plaintiff") proposed jury instructions that are not completely agreed between the parties.

Defendants reserves the right to add to or amend the below objections based on submissions by Plaintiff, rulings of the Court and/or as may otherwise be agreed upon or allowed.

**Plaintiff's Instruction A:**

Defendant objects to the Plaintiff's instruction as prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993).

Defendant further objects to the extent that this instruction is a completely inaccurate statement as to the parties' burdens of proof regarding damages and affirmative defenses. Further, this instruction contains an incomplete, misleading and inaccurate statement of defenses and would be unfairly prejudicial if given to the jury. Defendant further objects to the extent that the Plaintiff's burden of proof is  unclear from this instruction.

**Plaintiff's Instruction B:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability.

**Plaintiff's Instruction C:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. Defendant further objects on the grounds that it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Further, Defendant objects to Plaintiff's instruction on the grounds that it misstates the law regarding a prior inconsistent statement.

**Plaintiff's Instruction D:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. Defendant further objects on the grounds that it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Further, this instruction labels the witness as an "expert." The court should refrain from designating the witness as an expert to ensure that they do not mislead

the jury by inadvertently implying their stamp of authority on a witness's opinion. Defendant further objects on the grounds that tie use of the word expert in the context of this instruction will have an unduly prejudicial effect on the jury. Also, this will protect against the jury being "overwhelmed by so-called 'experts." Fed. R. Evid. 702. *See also* United States v. Mendoza, 244 F.3d 1037, 1048 (9th Cir. 2001).

### Plaintiff's Instruction E:

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Further, Defendant objects on the grounds that demonstrative evidence may be unfairly prejudicial to the jury because while it is not required that it be completely accurate, the jury must be alerted to perceived inaccuracies in the demonstrative evidence. Accordingly, a limiting instruction would be more appropriate. *United States v. Salerno,* 108 F. 3d 730, 744 (7th Cir. 1997).

### Plaintiff's Instruction F:

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant also objects on the grounds that the third paragraph of the instruction is unduly argumentative and be unfairly prejudicial to the average juror. Further, Plaintiff objects to the third paragraph of the instruction where it states "you shall find" as this wording is biased and

misleading. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. To establish a claim for copyright infringement, a Plaintiff must prove that it owned a valid copyright and that the Defendant copied the original elements of the copyright; copying can be proven through direct or circumstantial evidence. 17 U.S.C.A. § 101; *See also Humphrys & Partners Archtechts, L.P. v. Lessard Design, Inc.* 790 F.3d 532, 539 (4th Cir. 2015); *Devil's Advocate, LLC v. Zurich American Insurance Company*, 666 Fed. Appx. 256, 264 (4th Cir. 2016).

**Plaintiff's Instruction G:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant also objects on the grounds that the third paragraph of the instruction is unduly argumentative and be unfairly prejudicial to the average juror. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. Further, Plaintiff objects to the third paragraph of the instruction where it states "a plaintiff must prove" as this wording is biased and misleading. Defendant further objects on the grounds that Plaintiff's To establish a claim for trade secret misappropriation, it is not enough to claim generally that trade secrets were misappropriated under Virginia law; plaintiff must identify, with particularity, each trade secret that it claims was misappropriated. *MicroStrategy, Inc. v. Business Objects, S.A.*, 331 F.Supp.2d 396 (E.D.V.A. 2004).  Further, the alleged trade secret must be described in sufficient detail to establish each element of a trade secret. *Id. See also Integrated*

*Global Services Inc. v. Mayo*, 2017 WL 4052809 (E.D.V.A. 2017); *see also Hair Club for Men, LLC v. Ehson,* 2016 WL 3636851 (E.D.V.A. 2016).

**<u>Plaintiff's Instruction H:</u>**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant also objects on the grounds that the third paragraph of the instruction is unduly argumentative and be unfairly prejudicial to the average juror. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. *MicroStrategy, Inc. v. Business Objects, S.A.*, 331 F.Supp.2d 396 (E.D.V.A. 2004). *See also Integrated Global Services Inc. v. Mayo*, 2017 WL 4052809 (E.D.V.A. 2017); *see also Hair Club for Men, LLC v. Ehson,* 2016 WL 3636851 (E.D.V.A. 2016). Further, this instruction omits certain details regarding the law on trade secret misappropriation which is crucial to the average juror's understanding of the claim or application of the elements to determine liability. Further, Defendant objects to this instruction on the grounds that it is overly vague and unclear for the average juror. A plaintiff must adequately identify and describe the subject matter of its trade secrets in sufficient detail to establish each statutory element of a trade secret to enable the jury to differentiate that which is claimed as a trade secret from matters of general knowledge in the trade. As this circuit has provided, "a trade secret may exist in a unique combination or compilation of information otherwise publicly available…however, such a compilation trade secret must be sufficiently identified to provide reasonable details concerning the information which makes up the secret and how that information relates together to form the secret." *Uhlig, LLC v. Shirley*, 2012 WL

29223242 (U.S.D.C. S.C. 2012); *See also Trandes Corp. v. Guy F. Atkinson, Co.* 996 F.2d 655, 661-662 (4th Cir. 1993), *See also Woven Elecs. Corp. v. Advance Grp., Inc.,* 930 F.2d 913 (4th Cir. 1991).

### Plaintiff's Instruction I:

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant also objects on the grounds that the third paragraph of the instruction is unduly argumentative and be unfairly prejudicial to the average juror. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. *MicroStrategy, Inc. v. Business Objects, S.A.*, 331 F.Supp.2d 396 (E.D.V.A. 2004). *See also Integrated Global Services Inc. v. Mayo*, 2017 WL 4052809 (E.D.V.A. 2017); *see also Hair Club for Men, LLC v. Ehson,* 2016 WL 3636851 (E.D.V.A. 2016). Further, this instruction omits certain details regarding the law on trade secret misappropriation which is crucial to the average juror's understanding of the claim or application of the elements to determine liability.

Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. Further, this instruction misstates Plaintiff's burden of proof for damages in this matter and/or a violation of the law at issue. Further, Defendant objects to the third paragraph of the instruction where it states "Quetel is entitled" as this wording is biased and misleading. Further, Plaintiff's instruction is unduly vague and confusing where it states "compensatory damages may include both actual loss…and unjust enrichment." Such terms are not cognizable by the average juror, are not readily ascertainable, clearly defined, and are

confusing, misleading and incomplete. Further, Defendant objects to the Plaintiff's instruction which it states that Plaintiff is not required to prove damages with "mathematical precision" as this is likely to unduly prejudice the jury's understanding of the claims and defenses and assessment of damages in this action.

**Plaintiff's Instruction J:**

Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law on punitive damages. Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Further, Defendant objects on the grounds that the instruction does not clearly define the terms "willful and malicious" and accordingly is misleading and confusing for the average juror. Further, Defendant objects to this instruction as it clearly omits the standard that the jury shall apply to the award of punitive damages. Moreover, Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions.

**Plaintiff's Instruction K:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an

incomplete/misleading statement of the law. Defendant further objects on the grounds that Plaintiff's instruction is misleading where it states that "Quetel is entitled to an award of damages..including any lost profits." Plaintiff fails to adequately identify and define the terms "lost profits." Further, Plaintiff's instruction is misleading where it uses the term "mathematical precision." This verbiage is misleading and would be unfairly prejudicial to a juror's understanding of the case. Defendant's proposed instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. Accordingly, a violation of the Virginia Computer Crimes Act may be found where, "any person who uses a computer or computer network without authority and with the intent to convert the property of another shall be guilty of the crime of computer fraud." *America Online, Inc. v. LCGM, Inc.,* 46 F.Supp.2d 444 (E.D.V.A. 1998). Plaintiff's instruction omits the burden of proof and lacks significant specificity regarding the elements that Plaintiff must prove to prevail on its claim. As a result, this is confusing, misleading and unclear and will prejudice an average juror. Moreover, the court should find that Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions.

**Plaintiff's Instruction L:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction grossly misstates and/or is an incomplete/misleading statement of the law. Moreover, the court should find that the Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th

ed) and Virginia Model Jury Instructions. Further, Defendant objects to this instruction on the grounds that Plaintiff does not clearly define/omits the definition of "fiduciary" which is confusing, misleading and incomplete. Further, Defendant objects to Plaintiff's instruction where it references the employee's duty that the employee "not compete." This is a distinct cause of action and should be clearly defined/articulated. Plaintiff's reference to the duty to "not compete" is confusing, misleading and a misstatement/incomplete statement of the relevant law. Accordingly, Defendant further objects to this instruction the grounds that it omits essential elements of a breach of duty of loyalty claim. Under relevant case law, in the absence of a contract restriction regarding the duty of loyalty, an employee has the right to make arrangements during his employment to compete with his employer after resigning his position.[1] This issue is preempted by the breach of contract claim at issue and accordingly, does not warrant a separate instruction. Further, Plaintiff's instruction omits the fact that the existence of an employee's fiduciary duty of loyalty is a question of law to be determined by the court and after it is determined whether or not the evidence is sufficient, only then will it become a matter for the jury to determine. *Id.* Even more, the Plaintiff's instruction overlooks that fact that the courts must be mindful that the fact that particular conduct of an employee may have caused harm to his employer does not establish that the conduct breached any duty to the employer. *Id. See also Zurich American Ins. Co. v. Turbyfill,* 2010 WL 406557 (W.D.V.A. 2010). Further, Defendant objects to this instruction where it states that "duty to be faithful does not cease when the employment ends." First, the verbiage is misleading, not defined nor clear for the average juror and is vague and misleading. Also, Plaintiff has failed to clearly identify and define its use of the term "confidential information" as it is used in this instruction.

---

[1] *Williams v. Dominion Technology Partners, LLC.* 76 S.E. 2d 752 (Sup. Ct. Va. 2003).

**Plaintiff's Instruction M:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction grossly misstates and/or is an incomplete/misleading statement of the law. Further, Defendant objects to the Plaintiff's instruction which it states that Plaintiff is not required to prove damages with "mathematical precision" as this is likely to unduly prejudice the jury's understanding of the claims and defenses and assessment of damages in this action. Further, Plaintiff's reference to the preponderance of evidence standard is confusing, misleading, unclear and not defined. The Plaintiff's instruction fails to define the terms "punitive" and "compensatory" damages. It disregards the fact that the purpose of punitive damages is to punish the wrongdoer and warn others. This instruction also disregards the ways in which a Plaintiff must establish (through evidence) that they are entitled to punitive damages. *Flippo v. CSC Associaes III, L.L.C.,* 547 S.E.2d 216 (Sup. Ct. Va. 2001). Additionally, the case that Plaintiff cited does not provide an accurate nor clear statement of the relevant law and definition of punitive damages. Moreover, the court should find that the Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions.

**Plaintiff's Instruction N:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from

argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction grossly misstates and/or is an incomplete/misleading statement of the law and the purpose of contract damages.

**Plaintiff's Instruction O:**

Defendant objects to the Plaintiff's instruction as prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993).

Defendant further objects to the extent that this instruction is a completely inaccurate statement as to the parties' burdens of proof regarding damages and affirmative defenses. Further, this instruction contains an incomplete, misleading and inaccurate statement of defenses and would be unfairly prejudicial if given to the jury. Defendant further objects to the extent that the Plaintiff's burden of proof is unclear from this instruction. Further, the instruction overlooks the burden that Plaintiff has of properly pleading facts to establish all elements that make up theory for relief. *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp.2d 699 (E.D.V.A. 2003). The Plaintiff's instruction overlooks a crucial element to this claim whereby the "failure to allege any specific, existing economic interest is fatal to claims for both tortious interference with contractual relations and tortious interference with prospective economic advantage under Virginia law." *Id.* Plaintiff's instruction is an overly broad misstatement of the relevant law. Specifically, there must be a particular expectancy which claimant is reasonably certain will be realized. *Id.* Moreover, the court should find that the Defendant's proposed jury instruction is

more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. To successfully claim tortious interference with contractual relations under Virginia law, party must prove: (1) existence of valid contractual relationship or business expectancy; (2) knowledge of relationship or expectancy on part of interferor; (3) intentional interference inducing or causing breach or termination of relationship or expectancy; and (4) resultant damage to party whose relationship or expectancy has been disrupted.

*Masco Contractor Services E., Inc. v. Beals*, 279 F. Supp. 2d 699 (E.D. V. A. 2003)

**Plaintiff's Instruction P:**

Defendant objects to the Plaintiff's instruction as confusing, unclear, prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993).

Defendant further objects to the extent that this instruction is a completely inaccurate statement as to the parties' burdens of proof regarding damages and affirmative defenses. Further, this instruction contains an incomplete, misleading and inaccurate statement of defenses and would be unfairly prejudicial if given to the jury. Defendant further objects to the extent that the Plaintiff's burden of proof is unclear from this instruction. Further, the instruction overlooks the burden that Plaintiff has of properly pleading facts to establish all elements that make up theory for relief. *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp.2d 699 (E.D.V.A. 2003). Also, Defendant objects to Plaintiff's mistatement of the law, the misleading nature of the instruction, and the confusing nature of statements such as "improper methods" and "illegally" and "tortious" and "intentional." Moreover, since the instruction is not a proper statement of the

law, the court should find that the Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. This instruction disregards that the failure to instruct the jury on the nature of the privilege available to the Defendant and the distinction between justified and unjustified conduct is reversible error. *Trimed Inc. v. Sherwood Med. Co.*, 977 F.2d 885 (4th Cir. 1992), *See also RCM Supply Co., Inc. v. Hunter Douglas, Inc.,* 686 F.2d 1074, 1078 (4th Cir.1982).

**Plaintiff's Instruction Q:**

Defendant objects to the Plaintiff's instruction as confusing, unclear, prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993). The Plaintiff's instruction is misleading for the jury to assess damages where it states that the trier of fact shall make "intelligent and reasonable estimate of the amount." This is overbroad, misleading and confusing.

**Plaintiff's Instruction R:**

Defendant objects to the Plaintiff's instruction as confusing, unclear, prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993).

Defendant further objects to the extent that this instruction is a completely inaccurate statement as to the parties' burdens of proof regarding damages and affirmative defenses.

Further, this instruction contains an incomplete, misleading and inaccurate statement of defenses and would be unfairly prejudicial if given to the jury. Further, the instruction overlooks the burden that Plaintiff has of properly pleading facts to establish all elements that make up theory for relief. *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp.2d 699 (E.D.V.A. 2003). Also, Defendant objects to Plaintiff's misstatement of the law, the misleading nature of the instruction, and the confusing nature of statements such as "good or bad faith," "negligence." This instruction omits crucial elements of the tort of conversion. Moreover, since the instruction is not a proper statement of the law, the court should find that the Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. The Plaintiff's instruction does not define the term "property." Plaintiff's second paragraph is a gross misstatement of the law and is  for the finding of liability.

**Plaintiff's Instruction S:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. Plaintiff's instruction omits the burden of proof and lacks significant specificity regarding the elements that Plaintiff must prove to prevail on its claim for damages. As a result, this is confusing, misleading and unclear and will prejudice an average juror. Moreover, the court should find that Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. Further, the

reference to the date of April 24, 2014, is misleading, irrelevant and presumes that the jury made that determination.

**Plaintiff's Instruction T:**

Defendant objects to the Plaintiff's instruction as irrelevant, incomplete, confusing, prejudicial and misleading. The proposed instruction is not clearly understandable to the average juror. Since jury instructions should be accurate, brief, understandable, impartial and free from argument, this instruction shall be struck since it contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to determine liability. Defendant further objects on the grounds that Plaintiff's instruction misstates and/or is an incomplete/misleading statement of the law. Plaintiff's instruction omits the burden of proof and lacks significant specificity regarding the elements that Plaintiff must prove to prevail on its claim for damages. As a result, this is  confusing, misleading and unclear and will prejudice an average juror. Moreover, the court should find that Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions. Further, the Plaintiff's use of the term "mathematical precision", is misleading, and a misstatement of the law.

**Plaintiff's Instruction U:**

Defendant objects to the Plaintiff's instruction as prejudicial, irrelevant and misleading. Jury instructions should be accurate, brief, impartial, and free from argument. The proposed instruction contains unnecessary verbiage that is confusing and not useful to the jury's understanding of the claim or application of the elements to decide liability. Further, this instruction would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice. *Nipper v. Snipes,* 7 F.3d 415, 418 (4th Cir. 1993).

Defendant further objects to the extent that this instruction is a completely inaccurate statement as to the parties' burdens of proof regarding damages and affirmative defenses. Further,

this instruction contains an incomplete, misleading and inaccurate statement of defenses and would be unfairly prejudicial if given to the jury. Defendant further objects to the extent that the Plaintiff's burden of proof is unclear from this instruction. The court should refrain giving this instruction to the jury to ensure that they do not mislead the jury by inadvertently implying their stamp of authority on the representations made. Moreover, the court should find that Defendant's proposed jury instruction is more closely aligned with the Fed. Jury Prac. & Instr. (6th ed) and Virginia Model Jury Instructions.

Respectfully Submitted,

Hisham Abbas, Shorouk Mansour, and finalcover, LLC.

By: /s/ J. Andrew Baxter_____
    J. Andrew Baxter (VSB #78275)
    GENERAL COUNSEL, P.C.
    6849 Old Dominion Drive, Suite 220
    McLean, VA 22101
    (703) 556-0411 (tel)
    (888) 222-6807 (fax)
    abaxter@gcpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2018, the foregoing was filed with the Clerk's ECF system, which generated an NEF and served on the following:

Timothy J. McEvoy, Esq.
Patrick J. McDonald, Esq.
Matthew Sorensen, Esq.
Cameron/McEvoy, PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, VA 22030
*Counsel for Plaintiff*

_____/s/_____
J. Andrew Baxter